# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-CR-97 (NEB/BRT) |
| Plaintiff, | |
| v. | MOTION FOR COMPASSIONATE RELEASE AND CARES ACT |
| LA VANG, | |
| Defendant. | |

This matter is before the Court upon defendant La Vang's motion for compassionate release under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A) or for home confinement under the CARES Act of 2020, Pub. L. No. 116-136, § 12003(B)(2). (ECF No. 54.) For the reasons that follow, the Court denies the motion.

## BACKGROUND

In April 2019, Vang was charged with one count of obtaining a controlled substance by fraud in violation of 21 U.S.C. §§ 843(a)(3) and 843(d)(1). He pled guilty in May 2019 and was sentenced in November 2019. The Court sentenced him to eighteen months of imprisonment and, due to favorable reports of his pre-sentencing conduct, allowed him to self-report to the Bureau of Prisons ("BOP") in January 2020. He did so and is currently serving his sentence at FMC-Rochester.

1

In June, Vang moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1), and for early home confinement. Vang has no known medical issues that put him at increased risk for severe illness due to COVID-19. As required by the statute, he first requested the Warden of FMC-Rochester reduce his sentence under the First Step Act. His request was denied on June 9, 2020. (ECF No. 58-1).

The government opposes Vang's request, arguing that he has not established "extraordinary and compelling reasons" to grant relief and that the § 3553(a) sentencing factors weigh against relief. The Court agrees and denies the motion.

## ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction." Before a defendant may seek this relief from a district court, he must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [30 days must have elapsed] from the receipt of such a request by the warden of the defendant's facility." *Id.* More than 30 days have elapsed since Vang made his request to the BOP; therefore, his motion is properly before the Court.

In determining whether "extraordinary and compelling circumstances" warranting relief exist, the court must consider (1) the factors of section 3553(a), and (2) applicable policy statements issued by the Sentencing Commission. 18 U.S.C. §

3582(c)(1)(A). The Sentencing Commission has indicated there are extraordinary and compelling circumstances where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."1 U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). As the movant, defendant moreover carries the "burden to show he is entitled to a sentence reduction." *United States v. Estabrook*, No. 10-CR-109, 2020 WL 2544422, at *4 (D.N.D. May 19, 2020) (finding burden is on the defendant to establish that a sentence reduction is warranted under 18 U.S.C § 3553(c)(2)) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)).

Vang argues that his sentence is tantamount to a death sentence because of the possibility he will contract COVID-19. While the Court understands Vang's concerns, there are no known cases of COVID-19 at FMC-Rochester. *See* Federal Bureau of Prisons, *COVID-19 Cases*, bop.gov/coronavirus, (last visited July 22, 2020). Further, "mere speculation of the possibility of contracting the virus" is insufficient to merit compassionate release. *United States v. Fry*, 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility it may spread to a particular prison alone cannot independently justify compassionate release."). Because Vang points to no other

3

factors besides his general concern for contracting COVID-19, he has not demonstrated "extraordinary and compelling circumstances" warranting the relief he seeks.[1]

Finally, to the extent that Vang requests that the Court compel the BOP to place him in home confinement, the Court lacks the authority to do so. 18 U.S.C. § 3621(b); *United States v. Kattom*, 619 F. App'x 569, 569 (8th Cir. 2015) (per curiam) ("We note that the court lacked authority to order placement at any particular facility as the Bureau of Prisons (BOP) is solely responsible for that decision.") As such, the Court denies this request.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, defendant's motion for compassionate release 18 U.S.C. § 3582 (ECF No. 54) is DENIED.

Dated: August 10, 2020          BY THE COURT:

                                s/Nancy E. Brasel
                                Nancy E. Brasel
                                United States District Judge

---

[1] Further, because Vang has not met this threshold element for compassionate release, the Court need not reach the other considerations relevant to whether he is entitled to relief under the First Step Act, including whether Vang is a danger to the community.